

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHIQUITA M. NEWELL, )
)
    Plaintiff, )
)
v. ) No. 05 C 5302
)
JOHN E. POTTER, POSTMASTER ) Judge Ronald A. Guzmán
GENERAL OF THE U.S. POSTAL )
SERVICE, THOMAS L. SOLTWISCH, )
ARTHUR ZENDER, PATRICK )
KAVANOUGH, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Chiquita Newell filed this suit against John E. Potter, Postmaster General of the U.S. Postal Service, and her former supervisors Thomas L. Soltwisch, Arthur Zender and Patrick Kavanough alleging that they discriminated against her on the basis of her race, sex and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* The case is before the Court on Potter's motion to dismiss the claims against his co-defendants pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for summary judgment on the claims asserted against him pursuant to Rule 56(c). For the reasons set forth below, the motion is granted.

### Facts

On August 17, 2002, Soltwisch and Zender sent plaintiff a notice of removal for being Absent Without Official Leave ("AWOL"). (Compl. ¶ 2.) After receiving the letter, plaintiff discussed the situation with Soltwisch and, on August 19, 2002, he rescinded the notice of removal. (*Id.*)

Plaintiff was scheduled to return to work on September 9, 2002, but she failed to appear. (*Id.* ¶ 3.) Consequently, on September 18, 2002, Soltwisch issued another notice of removal. (Def.'s LR 56.1(a) Stmt. ¶ 8.) The notice did not say when plaintiff's termination would be effective. (*Id.*, Ex. 1-A, Notice of Removal of 9/18/02.) Though defendant sent the notice both by first-class and certified mail, plaintiff says she never received it. (Def.'s LR 56.1(a) Stmt. ¶¶ 8-11; Pl.'s Resp. Def.'s Mot. ¶¶ 8-10.)

On November 2, 2002, Soltwisch issued plaintiff another notice of removal. (Def.'s LR 56.1(a) Stmt. ¶ 12.) This notice said that her termination would be effective on November 9, 2002. (*Id.*; *id.*, Ex. 1-B, Notice of Removal of 11/2/02 at 1.) Soltwisch sent the notice via regular first-class mail, certified mail and priority mail by placing it in postage-prepaid envelopes that were addressed to plaintiff's address of record and placing the envelopes in the mail stream. (Def.'s LR 56.1(a) Stmt. ¶¶ 12-13, 18.)

The notice sent via first-class mail was not returned as undeliverable. (*Id.* ¶ 14.) Delivery of the notice sent via priority mail was confirmed on November 4, 2002 at 12:24 p.m. (*Id.* ¶ 15.) A notice informing plaintiff that the Postal Service had attempted to deliver the certified letter was left at plaintiff's address on November 4, 2002 at 12:29 p.m. (*Id.* ¶ 16.) Plaintiff signed for the certified letter on November 19, 2002. (*Id.* ¶ 17.)

On January 2, 2003, plaintiff made an administrative complaint of discrimination to one of the Postal Service's Equal Employment Opportunity ("EEO") Dispute Resolution Specialists. (*Id.* ¶ 20.) On November 3, 2003, the Equal Employment Opportunity Commission ("EEOC") issued a final agency decision dismissing plaintiff's complaint as untimely. (*Id.* ¶ 21.) Plaintiff appealed the final

agency decision to the EEOC's Office of Federal Operations, which affirmed the Postal Service's determination that her complaint was untimely. (*Id.* ¶ 22.)

## Discussion

### Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Potter contends that plaintiff cannot assert her discrimination claims against her former supervisors Soltwisch, Zender and Kavanough. The Court agrees. *See* 42 U.S.C. § 2000e-16(c) (stating that Title VII suit by federal employee must name "the head of the department, agency, or unit" as the defendant); *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) ("It is well-settled in this circuit that, in a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency – the Postmaster General."). Because Soltwisch, Zender and Kavanough are not proper defendants in this suit, plaintiff's claims against them are dismissed.

### Summary Judgment Motion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Before an employee can file a claim of discrimination against a government agency, she must exhaust administrative remedies by filing a complaint with the EEO department of her agency. 42 U.S.C. § 2000(e)-16(c). The administrative complaint must be filed "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the employee does not comply with this timetable, she cannot pursue her claims in court. *See, e.g., Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("If Miller's administrative complaint was untimely, his suit under the Rehabilitation Act is time-barred.").

The effective date of plaintiff's termination was November 9, 2002. (*See* Def.'s LR 56.1(a) Stmt., Ex. 1-B, Notice of Removal of 11/2/02.) It is undisputed[1] that plaintiff first contacted the Postal Service's EEO Department on January 2, 2003, more than forty-five days after her termination was effective. (Def.'s LR 56.1(a) Stmt. ¶ 20.) Thus, defendant says her suit is barred.

Plaintiff, of course, disagrees. She says she did not know about her termination until November 19, 2002, when she picked up the November 2, 2002 notice of removal sent to her by

---

[1]Plaintiff did not comply with Local Rule 56.1, which requires the party opposing a summary judgment motion to submit a response to each uncontested fact asserted by the movant. Because plaintiff did not submit such a response, she is deemed to have admitted all of the facts defendant asserts. *See* LR 56.1(b).

4

certified mail. (*See* Pl.'s Resp. Def.'s Mot. ¶¶ 11-14.) Because she filed her EEO charge forty-five days later, she argues that her claim is timely.

Plaintiff's argument implicates the discovery rule, "which postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that [s]he has been injured." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). Thus, the discovery rule will only save plaintiff's claims if she should not have known about her termination before November 19, 2002.

It is undisputed that defendant sent the November 2, 2002 removal notice to plaintiff by regular first-class mail and priority mail as well as certified mail. (Def.'s LR 56.1(a) Stmt. ¶ 12.) He did so by putting copies of the notice in postage-prepaid envelopes that were addressed to plaintiff's address of record and placed them in the mail stream. (*Id.* ¶¶ 12-13, 18) Those facts give rise to rebuttable presumptions that plaintiff received the notice sent by first-class mail on November 7, 2002, five days after it was mailed, and the notice sent by priority mail on November 4, 2002, the date delivery was confirmed. *See Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993) ("[T]he government is entitled to a rebuttable presumption of delivery upon presentation of evidence . . . . of actual mailing such as an affidavit from the employee who mailed the check, or [of] proof of procedures followed in the regular course of operations which give rise to a strong inference that the check was properly addressed and mailed."); *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (stating, in a social security case, that "receipt date [of notice] is presumed to be five days from the mailing date").

Plaintiff has not offered an affidavit or any other evidence that tends to rebut those presumptions. She simply makes an unsworn assertion in her response that she did not receive the notices. (*See* Pl.'s Resp. Def.'s Mot. ¶¶ 12-13, 16, 18.) That unsupported assertion is not enough to

defeat defendant's motion. *See Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003) ("[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment."); *see also United States v. Abrams*, 476 F.2d 1067, 1069 (7th Cir. 1973) (trial court's finding that defendant had received induction notice upheld despite evidence that there was a three-day work stoppage during the relevant period at the Post Office that served defendant's home and the testimony of defendant and his parents that the notice was not received); *United States v. Freeman*, 402 F. Supp. 1080, 1082 (E.D. Wis. 1975) (stating that "defendant's . . . self-serving assertion that he never received the Order" was insufficient to rebut presumption of receipt). Because plaintiff has not raised a triable issue of fact on the timeliness of her claims, defendant's motion for summary judgment is granted.

## Conclusion

For the reasons set forth above, Soltwisch, Zender and Kavanough are not proper defendants in this suit and there is no genuine issue of material fact as to plaintiff's claims against Potter, who is entitled to a judgment as a matter of law. Potter's motion to dismiss and for summary judgment [doc. no. 19] is, therefore, granted, and this case is terminated.

**SO ORDERED.**          **ENTER:**


APR 2 4 2006

HON. RONALD A. GUZMAN
United States District Judge